United States Bankruptcy Court
Southern District of New York
-------------------------------------------------------------------X
In re
AIR AMERICA MEDIA, LLC,

                                                 *Debtor.*

## NOTICE OF MOTION
10-10615 jmp

AFCO CREDIT CORPORATION,

                                                 *Movant,*

v.

AIR AMERICA MEDIA, LLC,

                                                 *Debtor.*

-------------------------------------------------------------------X

PLEASE TAKE NOTICE that upon the affidavits of Steven G. Legum and Robert J. Ratner, sworn to March 5, 2010, the secured creditor, Afco Credit Corporation, will move this Court, before the Honorable James M. Peck, United States Bankruptcy Judge, at the Courthouse, One Bowling Green, New York, New York on March 25, 2010 at 10:00 a.m., or as soon thereafter as counsel may be heard, for an order pursuant to 11 U.S.C. § 362 to vacate the automatic stay in this proceeding and to permit the movant to exercise those rights it may otherwise have under the laws of the State of New York but for the stay herein, and to cancel certain insurance policies issued in favor of the debtor, and to apply such resulting premium refunds to the amount due and owing by the debtor to the movant and in the event that such sums are insufficient to satisfy such debt to then treat the balance thereof as an administration claim of the estate, pursuant to Rule 506, for an award of counsel fees in the sum of twenty per cent (20%) of the sums due pursuant to the agreement between the parties dated November 3, 2009, and for such other and further relief as to the Court may seem just and proper.

Dated: Mineola, New York
        March 5, 2010

                                                                        STEVEN G. LEGUM
                                                                       *Attorney for Movant*

170 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501-4311
(516) 873-9300

by: _____
     STEVEN G. LEGUM

To: GARFUNKEL WILD, P.C.
    111 Great Neck Road
    Great Neck, New York 11021

    UNITED STATES TRUSTEE
    33 Whitehall Street
    New York, New York 10004

    AIR AMERICA MEDIA, LLC
    641 Avenue of the Americas
    New York, New York 10011

    GREGORY M. MESSER, ESQ.
    26 Court Street
    Brooklyn, New York 11242

    LAMONICA HERBST & MANISCALCO
    3305 Jerusalem Avenue
    Wantagh, New York 11793

United States Bankruptcy Court
Southern District of New York
---------------------------------------------------------------X
In re
AIR AMERICA MEDIA, LLC,

                              *Debtor.*

                                          **AFFIDAVIT**
                                          10-10615 jmp

AFCO CREDIT CORPORATION,

                              *Movant,*

                          v.

AIR AMERICA MEDIA, LLC,

                              *Debtor.*

---------------------------------------------------------------X

STATE OF NEW YORK  )
                                  ) ss.:
COUNTY OF NASSAU  )

    STEVEN G. LEGUM, being duly sworn, deposes and says:

    1. He is the attorney for the movant Afco Credit Corporation ("Afco"). He is familiar with the facts and circumstances of this proceeding and submits this affidavit and the affidavit of Robert J. Ratner, Senior Vice-President and General Counsel of Afco in support of the motion for relief from the automatic stay.

    2. On November 3, 2009 the debtor, Air America Media, LLC and Afco entered into a premium finance agreement. Afco is licensed by the Banking Superintendent of New York as a premium financing company. It is one of the largest such institutions in the country. Last year Afco and its affiliates financed over four billion dollars in insurance premiums. Its business, however, is limited solely to premium financing. It does not underwrite or procure insurance. Rather, it acts as a lending institution, financing insurance premiums for insureds who seek it out. Underscoring this fact is that Afco is regulated by the Banking Law of New York (art. XII-B). The premium finance agreement between the parties, exhibit "A" annexed hereto, comports with all statutory regulations. Banking Law § 567.

    3. It is the obligation of the insured, the party borrowing from Afco, to make monthly payments to

repay the debt. The agreement which Air America Media, LLC executed is a promissory note obligating the borrower to make such payments. Here, the debtor, Air America Media, LLC, financed the total sum of $$52,456.00. The payment records of Afco (exhibit "B" annexed hereto) reflect that the debtor is now in default and that the sum of $41,662.39 remains due and owing on this debt. Additionally, and pursuant to both the premium finance agreement (exhibit "A," ¶ 17) and law (Banking Law § 569 [2]), when the borrower defaults, as has the debtor, and the matter is placed in the hands of an outside attorney for collection purposes, the debtor becomes obligated for an additional sum, in this case 20% of the sum then due. This sum, in essence, becomes part of the entire debt is sought. This Court is empowered to award such fees pursuant to § 506 of the Bankruptcy Code. The movant is prepared to establish the propriety of the fees at any hearing to be ordered by the Court. Accordingly, there is now due and owing to Afco the total sum of $48,653.00.

4. Under normal practice, upon a default by a borrower, Afco would cancel the underlying insurance. Both the premium finance agreement (¶ 14) and the Banking Law give Afco this right. However, by virtue of the filing in this Court, the statutory stay [11 U.S.C. § 362 (a)] bars Afco from taking such action.

5. Afco is a secured creditor. As the accompanying memorandum of law sets forth, Afco maintains a security interest in the return premiums (those premiums which would be returned upon cancellation of the insurance). The Uniform Commercial Code and the cases thereunder further establish that the security interest is perfected even without any UCC filing. Accordingly, Afco is and should be treated as a secured creditor.

6. Unfortunately, Afco's security interest diminishes daily. As each day goes by the amount of return premiums to be paid upon cancellation diminishes. In this case that amount is diminishing by $178.00, per day. Afco is entitled to adequate protection under Bankruptcy Code §§ 361, 362 (d) (1), and 363 (e). Moreover, courts have held that in this type of situation the amount of security interest should be fixed according to the amount at the time of filing. When this matter was filed on February 3, 2010 Afco's security

interest was $48,653.00. Each day that sum diminishes by $178.00.

7. In the event that the debtor agrees to make payment of $48,653.00, the amount now due and owing, the need to cancel the underlying insurance is eliminated. Thus, at the option of the debtor, either full payment should be made or Afco should be permitted to exercise the remedies available to it under State law.

WHEREFORE, movant Afco Credit Corporation respectfully prays for an order relieving it from the statutory stay, or, in the alternative, ordering the posting of other adequate protection to secure the debt.

_____
STEVEN G. LEGUM

Sworn to before me this
5 day of March, 2010.

_____
Frances Dissinger
Notary Public
State of New York
Qualified in Nassau County
No. 41-4821865
Commission expires July 31, 2010

𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔅𝔞𝔫𝔨𝔯𝔲𝔭𝔱𝔠𝔶 ℭ𝔬𝔲𝔯𝔱
𝔖𝔬𝔲𝔱𝔥𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔑𝔢𝔴 𝔜𝔬𝔯𝔨

-----------------------------------------------------------------X
In re
AIR AMERICA MEDIA, LLC,

                                  *Debtor.*

AFCO CREDIT CORPORATION,

                                  *Movant,*

v.

AIR AMERICA MEDIA, LLC,

                                  *Debtor.*

-----------------------------------------------------------------X

                                  <u>**AFFIDAVIT**</u>
                                  10-10615 jmp

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF NASSAU   )

      ROBERT J. RATNER, being duly sworn, deposes and says:

      1. Your deponent is an attorney admitted to practice before this Court and the courts of the State of New York. He is Senior Vice President and General Counsel of Afco.

      2. Afco's business is lending money to parties for the purpose of financing insurance premiums. Exhibit "A" annexed hereto is the premium finance agreement entered into between Afco and Air America Media, LLC on November 3, 2009. The agreement is Afco's standard form agreement which comports with all of the statutory requirements of New York Banking Law § 567. Moreover, Afco is, and continues to be, licensed by the Banking Superintendent of New York as required by Banking Law § 555. Afco further complies with all of the requirements of article XII-B of the Banking Law.

      3. The debtor is now in arrears in payments. The official collection record maintained by Afco, exhibit "B" annexed hereto, establishes that there is a total outstanding balance of $41,662.39.

      4. Afco has obtained an assignment of the return premiums and has funded the account. Afco served a notice upon the insurers of the assignment to it of the unearned premiums. This perfects the security inter-

est, as no further filing is required.

5. Afco has taken and relies upon the assignment of the return premiums to secure the indebtedness. But for that security interest, Afco would not have loaned the sum of $$52,456.00 to Air America Media, LLC, the debtor herein. Afco, as Uniform Commercial Code § 9-109 (d) provides, is exempt from any filing requirement. Banking Law § 566 (2) (b) further holds that no filing is required in order for the premium financing company to perfect its security interest. Afco would, accordingly, have resorted to its collateral but for the automatic stay herein. Afco would therefore ask this Court for relief from the stay.

6. Prior to referring the matter to outside counsel, the movant attempted to resolve Afco's claim. A letter was written to counsel for the debtor, setting forth all of the facts relative to the loan and to Afco's collateral position. Counsel was provided with much of the authority upon which Afco relies. Unfortunately, counsel never indicated a willingness to resolve the matter. Only then was the matter forwarded to outside counsel for the purpose of making this application. Further, both by law and by virtue of the terms of the agreement, Afco is entitled, and Air America Media, LLC is obligated, to an additional sum, in this case 20% is sought as and for reasonable attorneys' fees in the event that the matter is placed in the hands of outside attorneys to recover the sums due. This is precisely the case involved herein.

7. There is a statutory formula to compute the amount of return premiums. As of February 3, 2010, the date of filing in this Court, $48,653.00 would have been the sum due and owing as and for those return premiums, enough security to protect Afco. However, the security interest diminishes by approximately $178.00, each day. Therefore, the movant, if not permitted by the Court to exercise its rights and enforce its security interest, faces a loss of the security. Once the policy lapses the security interest disappears. It is respectfully submitted that since the debtor is now in arrears, the movant should be given relief from the stay. Therefore, it is respectfully requested that the Court grant Afco the relief now sought and thereby honor its statutory and contractual rights.

                                                                      ROBERT J. RATNER

Sworn to before me this
5 day of March, 2010.

Steven G. Legum
Notary Public
State of New York
Qualified in Nassau County
No. 30-4721741
Commission expires May 31, 2010